sab | Shapiro Arato Bach LLP

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Jonathan P. Bach
jbach@shapiroarato.com
Direct: 212-257-4897

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/05/2026

August 4, 2026

Via ECF
The Honorable Margaret M. Garnett
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Flexible Finance, Inc. v. Visible Ideas, Inc. dba Split Pay and Alex Anderson*, Case No. 1:26-cv-06596-MMG

Dear Judge Garnett:

On behalf of Plaintiff Flexible Finance, Inc. ("Flex"), we respectfully submit this letter to advise the Court of the current status of our efforts to serve opposing counsel and to seek leave to serve unredacted versions of the current filings on an attorney's-eyes-only basis.

As of this writing, Flex has served by email copies of the public versions of all submissions to Defendant Alex Anderson's counsel, Garth Hire, Esq. of the law firm Duane Morris, and asked for his confirmation that he will treat unredacted versions on an attorneys-eyes-only basis. In a follow-up phone call, Mr. Hire advised that he is considering the issue and will provide his position as soon as he can. Separately, Flex has served by email copies of the public versions of all submissions to two officers of Defendant Split Pay, including its Head of Legal and Compliance and Chief Executive Officer, and requested prompt identification of Split Pay's counsel. To date, Split Pay has neither identified its counsel, nor communicated with us at all. Once Split Pay identifies its counsel, Flex is prepared to promptly provide unredacted versions of all submissions on an attorneys'-eyes-only basis.

The Court's Order of yesterday (Dkt. 20) required Flex to serve copies of all submissions, including through counsel, but was silent with respect to the question of whether certain information could be treated on an attorney's-eyes-only basis. Flex's complaint alleges misappropriation of highly confidential trade secret information, which is discussed in the pleadings, and thus sealing has been requested on that basis. Flex seeks clarification of yesterday's Order and permission to serve unredacted material on an attorney's-eyes-only basis. Flex's specific requests for sealing are identified in a sealing letter filed yesterday morning (Dkt. 7). As set forth in Flex's sealing request, the reason for treating these materials as attorney's-eyes-only is the protection of Flex's trade secret and competitively sensitive information. Pending such clarification, Flex will continue to perfect service of public versions of the materials, including by arranging for delivery of hard copy documents.

Respectfully submitted,

/s/ Jonathan P. Bach

Jonathan P. Bach

The Court has reviewed the sealed submissions and finds that Plaintiff's redactions are for confidential business information which, based on the present record, are sufficiently narrowly tailored to overcome the strong presumption of public access to judicial documents, *see e.g.*, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016). Accordingly, the Plaintiff's motion at Dkt. No. 7 is GRANTED.

Counsel for Plaintiff may serve Defendants' counsel the unredacted papers with an attorney's-eyes-only designation, subject to reconsideration once counsel appears.

SO ORDERED. Dated August 4, 2026.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE